IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WALLACE ROGERS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:12-CV-0318-MTT-CHW |
| VS. | : | |
| | : | |
| Warden GLEN JOHNSON, | : | |
| | : | |
| Defendant | : | |

### ORDER

Plaintiff Wallace Rogers, a prisoner currently confined at the Coffee Correctional Facility in Nichols, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the district court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In this case, Plaintiff has filed a Complaint (Doc. 1), an Amendment thereto (Doc. 16),[1] a Supplement ("Return and Answer," Doc. 17), and two Motions to Amend (Docs. 19 & 22).

The Court has now reviewed all of these pleadings and finds that Plaintiff's Complaint fails to state any claim for relief under 42 U.S.C. § 1983 and that his proposed amendments would be futile. Plaintiff's pending Motions to Amend are thus **DENIED**, and his Complaint shall be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's pending request for discovery (Doc. 21) is deemed **MOOT**.

### STANDARD OF REVIEW

---

[1] Though Plaintiff labeled this document as a "Motion to Amend," Fed. R. Civ. P. 15(a) allows Plaintiff to amend his pleading once as a matter of course. Leave to amend is not required. The Court thus construes Plaintiff's Motion as his first amendment.

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915A(b)(1). *See also* 28 U.S.C. §1915(2)(B) (requiring the same when a plaintiff is proceeding *in forma pauperis*).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* at 555. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Therefore, to

survive a §1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. *See Twombly*, 550 U.S. at 555-556.

## ANALYSIS OF CLAIMS

The present case arises out of disciplinary action taken against Plaintiff at Hancock State Prison. The Complaint alleges that, during an altercation with prison officers, another inmate slid a cell phone to the edge of Plaintiff's bed. Plaintiff picked it up and was subsequently charged with possession of a cell phone. The "Disciplinary Report Work Sheet," attached as an exhibit to Plaintiff's Complaint (Doc. 16-1, Ex. 1), shows that Plaintiff was served with written notice of this charge on December 10, 2012. A disciplinary hearing occurred twenty days later, on December 30, 2012, in which Plaintiff was allowed to speak on his own behalf and present witness testimony. (*See Id.* at Ex. 2; *see also*, Doc. 17 at 2).

The disciplinary hearing officer nonetheless found Plaintiff guilty of the offense. Plaintiff was then provided an updated copy of the Disciplinary Report (Doc. 16-1, Ex. 2), which states the finding of guilt and the evidence on which this finding was based. (*Id.*) The hearing officer recommended that Plaintiff be placed on property restriction and serve a term in administrative segregation and that a "$100 administrative fee" be deducted from Plaintiff's prison trust account. (*Id.*). This amount was subsequently deducted from Plaintiff's account "after the Warden's approval." (*See* Doc. 17 at 1-2).

Plaintiff apparently filed an appeal of the disciplinary action, and it was denied (*See* Exhibits 4A, 4B (Doc. 16-1)).   He then filed grievances, requesting that the funds be placed back into his account, which were also denied. (*See* Exhibits 5-7).   According to the grievance responses, it is prison policy for an administrative fee of $100.00 to be charged if an inmate is found guilty of possession of a cell phone. (*Id.*)   Plaintiff has now filed the present action and claims that his constitutional rights to due process and equal protection were violated when the $100 administrative fee was deducted from his inmate account.   Plaintiff contends that the $100 fee was "a disciplinary action" and that other inmates are only charged a $4.00 administrative processing fee per disciplinary report, per "SOP II B02-0001." (Doc. 17 at 1-2).

"In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).   Here, of course, Plaintiff claims that state officials took his property (i.e., his account funds) without first providing him adequate due process.

Neither the United States Supreme nor the Eleventh Circuit Court of Appeals has specifically addressed whether a prisoner has a protected property interest in funds removed from his prison account. *See Watson v. Thomas*, No. 1:12–cv–00216–IPJ–RRA, 2012 WL 6755059 at * 4 (N.D. Ala. Oct. 31, 2012).   In another context, however, the United States Supreme Court has explained a prison disciplinary action may deprive a prisoner of constitutionally protected interest (1) if the punishment "will inevitably affect the duration of his sentence;" or (2) if the punishment "imposes atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). One Circuit Court has extended this approach to prisoner property interests as well. *See e.g.*, *Watson v. Thomas*, No. 1:12–cv–00216–IPJ–RRA, 2012 WL 6755059 at * 4 (N.D. Ala. Oct. 31, 2012) (citing *Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *Moncla v. Kelley*, 430 F. App'x 714 (10th Cir. 2011)).   Under this approach, a prisoner would have a protected property interest in funds removed from his prison account only if the "deprivation imposes atypical and significant hardship on him in relation to the ordinary incidents of prison life."  *Id.*

It is unlikely that the deduction of a $100 processing fee from Plaintiff's account can be said to impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."   The deduction of service fees is a typical incident of prison life. *See e.g., Shindorf v. Georgia Dept. of Corr.*, No. CV 313–018-DHB, 2013 WL 2181656 a *1 (S.D. Ga. May 20, 2013) (prisoner charged $100 administrative processing fee); *Watson*, 2012 WL 6755059 (prisoner charged $31.50 drug test fee).   *See also*, *Moncla v. Kelly*, 430 F. App'x 714, 717 (10th Cir. 2011) (finding that removal of funds from prisoner's account to pay drug testing and filing fees did not impose an atypical and significant hardship in relation to the ordinary incidents of prison life); *Gallagher v. Lane*, No. 03–3363, 75 F. App'x 440, 441–442 (6th Cir. Sept.16, 2003) (finding that prisoner was not "deprived of his property by virtue of deductions from his prison trust account for court costs and medical copayments"); *Reynolds v. Wagner*, 128 F.3d 166, 179 (3d Cir.1997) (finding no procedural due process violation in the routine deduction of fees from inmate accounts); *Brown v. Thomas*, 2010 WL 715394, at *7 (D.N.J. Feb. 24, 2010) (finding that

imposition of a $50.00 "user fee" and other deductions from prison account for payment of fees was not a violation of due process).

However, even if this Court were to assume, for the purposes of this review, that Plaintiff had a protected interest in the funds removed from his account, "a procedural due process violation is not complete unless and until the State *fails* to provide due process." *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (emphasis added). The minimum due process requirements for a prison disciplinary proceeding are: (1) that "the inmate be given written notice of the charges at least 24–hours in advance of a hearing;" (2) that the inmate be allowed to "call witnesses and present documentary evidence" at the disciplinary hearing; and (3) that "the fact-finders issue a written statement outlining the evidence relied upon and the reasons for" their findings. *Watson v. Thomas*, 2012 WL 6755059 at * 3 (citing *Wolff v. McDonnell*, 418 U.S. 539, 564–566, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). Here, Plaintiff's submissions show that (1) he was served with written notice of the charges twenty days in advance of the disciplinary hearing; (2) he was then allowed to speak on his own behalf and present witnesses at the hearing; and (3) he later received a written report, in which the hearing officer identified the basis for her finding of guilt. Plaintiff's pleadings thus do not show a denial of due process.

Moreover, even if Plaintiff *was* denied due process *before* the funds were removed from his account, it is well-settled that the Due Process Clause is not offended when a state employee intentionally deprives a prisoner of his property – so long as the state provides him with a meaningful *post*-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The State of Georgia provides Plaintiff a meaningful post-deprivation remedy for the loss of his property. *See e.g.*, O.C.G.A.

§ 51-10-1 (providing for a conversion action); *Romano v. Ga. Dep't of Corr.*, 303 Ga. App. 347, 693 S.E.2d 521, 524 (2010) (prisoner stated claim under § 51–10–1 for unlawful confiscation of property by prison officials); *Grant v. Newsome*, 201 Ga. App. 710, 710, 411 S.E.2d 796 (1991) (prisoner who claimed that warden improperly froze his inmate account presented cognizable conversion claim). *See also, Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (finding no procedural due process violation because Georgia "has provided an adequate post deprivation remedy" in O.C.G.A. § 51-10-1); *Byrd v. Stewart*, 811 F.2d 554, 555 n. 1 (11th Cir. 1987) (recognizing that OCGA § 51-10-1 provides an adequate post-deprivation remedy for seizure and retention of property without due process of law).[2]   Plaintiff has thus failed to state a valid due process claim.

To the extent that Plaintiff has attempted to bring an equal protection claim, this effort has also failed.   Plaintiff alleges that he was charged a $100 administrative fee though the "standard administrative processing fee" charged in other cases is $4.00. Plaintiff, however, does not allege any facts suggesting that he was treated differently based on a constitutionally protected interest; nor does it identify facts sufficient to state a possible "class of one" equal protection claim. *See Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001); *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006)).

For these reasons, the Court finds that Plaintiff has failed to state any claim for relief under §1983.   Plaintiff's only remaining claims are those state-law claims he seeks to add in his two pending motions to amend (Docs. 19 & 22).   Because a district court may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it has original jurisdiction, *see* 28 U.S.C. § 1367(c)(3), the

---

[2] O.C.G.A. §§ 28–5–80 through 28–5–86 further provides for an individual to raise a claim against the state or any of its agencies.

Court finds that Plaintiff's proposed amendments would be futile. This Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's pending motions to amend his complaint are therefore **DENIED**. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) ("a district court may properly deny leave to amend . . . when such amendment would be futile").

Plaintiff's Complaint shall be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

The dismissal of this Complaint does not relieve Plaintiff of his obligation to pay the full filing fee. Plaintiff is still obligated to eventually pay the full $350.00 filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). It is hereby **ORDERED** that Plaintiff be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Plaintiff is **DIRECTED** forward said payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). The Clerk shall thus forward a copy of this Order to the warden and/or business manager of the institution in which Plaintiff is currently confined.

Filing fees paid are not refundable, regardless of the outcome of Plaintiff's case. Therefore it is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee. In the event Plaintiff is released from the custody of the State of Georgia (or any county thereof), he shall remain obligated to pay any balance

due on the filing fee until it has been paid in full.   If Plaintiff is released from custody and fails to remit payments, collection of any balance due will be authorized by any means permitted by law.

   **SO ORDERED** this 1st day of August, 2013.

           <u>S/ Marc T. Treadwell</u>
           MARC T. TREADWELL, JUDGE
           UNITED STATES DISTRICT COURT

jlr